**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

NELCY MABEL GARCÍA DE LEÓN, individually
and on behalf of all others similarly situated,

        Plaintiff,

v.

NEW YORK UNIVERSITY,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/2022

Case No. 1:21-cv-5005-CM

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into

by and among (a) Plaintiff Nelcy Mabel García De León ("Plaintiff" or "Ms. García De León")

and (b) Defendant New York University ("NYU") (collectively, the "Parties"), and upon the

Parties' joint motion they request that the following Order be entered since disclosure and

discovery activity in the above-referenced action ("Action") is likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted,

**IT IS HEREBY ORDERED**:

### SCOPE OF ORDER

1.     All documents, information and other materials (collectively referred to as

"Production Material") produced or exchanged in the course of this litigation, including Production

Material designated as Confidential Information or Highly Confidential Information ("Designated

Material"), by any party or third party ("Producing Person") shall be used or disclosed only in

accordance with the terms of this Confidentiality Order.

2. The provisions of this Order shall become effective upon entry by the Court; however, all Production Material produced and designated as Confidential Information or Highly Confidential Information prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

3. Third-Party Productions: The Parties agree that any third-party from whom discovery is sought in this Action may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and by designating its Production Material as Designated Material. The subpoenaing or requesting party shall advise third-parties from whom they seek documents of the existence of this Order and their right to obtain its protections.

## DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

1. Definition of Confidential Information. Confidential Information as used herein means any Production Material that the Producing Person believes in good faith (or with respect to information received from another person, has been reasonably advised by such other person) constitutes, discloses, or includes information that is not generally available to the public and that the Producing Person would not want to be made public in the ordinary course of his, her, or its activities, and that contains (i) commercially sensitive financial or other confidential business information; (ii) information related to contractual relationships; (iii) private or confidential personal information; (iv) information that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (v) information that the Producing Person has in good faith been requested by another Party or non-party to so designate on the grounds that such other Party or non-party considers such material to contain information that is confidential or proprietary

2

to such Party or third-party. Any Producing Person who produces or discloses any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing legend: "Confidential."

    2.    Definition of Highly Confidential Information.  Highly Confidential Information as used herein means any Production Material that the Producing Person believes in good faith (or with respect to information received from another person, has been reasonably advised by such other person) constitutes, discloses or includes information that (a) contains highly sensitive financial information or proprietary information, the disclosure of which would create a risk of causing the Producing Person to suffer monetary or non-monetary injury or competitive or commercial disadvantage; or (b) sensitive non-public personal information provided that it is not already in the public domain, including (for example) social security numbers; personal financial, credit, or banking information, home addresses; personal e-mail addresses; personal telephone numbers; tax returns; medical history; or information of a personal or intimate nature regarding any individual. It is intended that the designation of Production Material as Highly Confidential Information will only be utilized when the Producing Party believes the designation of Production Material as Confidential Information will not otherwise sufficiently protect the Production Material. Any Producing Person who produces or discloses any Highly Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing legend: "Highly Confidential."

    3.    Manner of Designation: Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page as either "Confidential" or "Highly Confidential" as appropriate.  Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material

3

is not reasonably practicable, such as with certain native file documents, a Producing Person may designate such material as "Confidential" or "Highly Confidential" in a separate load file field or by informing any Receiving Party, in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as "Confidential" or "Highly Confidential." To the extent that any third-party Production Material in this Action contains Confidential Information or Highly Confidential Information of a Party to this Action, and it is not designated as such, the Party may designate ("Designating Party") such Production Material by delivering written notice of such designation to the Parties and Producing Person. Deposition transcripts and associated exhibits shall be treated as Confidential Material for thirty (30) days after receipt of the final deposition transcript, during which time the deponent or any Designating Party may in writing formally designate by page and line number, or exhibit number, any portions thereof as Designated Material. A Designating Party also may designate information disclosed at a deposition by requesting that the court reporter so designate the transcript or any portion of the transcript at the time of the deposition.

4. Inadvertent Failure To Designate: A Producing Person's failure to designate any Production Material as Designated Material shall not be deemed a waiver of that Producing Person's later claim that such Production Material should be Designated Material or is entitled to another designation pursuant to this Order ("Misdesignated Material") at any time thereafter, and may be corrected by supplemental written notice. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Party ("Receiving Person"), arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of such Production Material. Upon receipt of replacement copies of such

4

Misdesignated Material with the proper designation, the Receiving Person(s) shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Person, pending the provision of such replacement copies, the Receiving Person shall treat the Misdesignated Material as if it were Designated Material in accordance with the request of the Producing Person, provided that the Producing Person provides such replacement copies within ten (10) business days of the identification of the Misdesignated Material. If requested by the Producing Person, a Receiving Person shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Receiving Person shall be deemed to have violated this Order if, prior to notification of any later designation, such Misdesignated Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Misdesignated Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Receiving Person shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or third-party that failed to make the designation.

## USE AND DISCLOSURE OF DESIGNATED MATERIAL

5. General Limitations On Use and Disclosure of All Production Material: All Production Material shall be used by the Receiving Persons solely for the purposes of the preparation, trial, and appeal of this Action, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any other purpose,

5

either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

6. <u>Persons Who May Have Access to Confidential Information</u>: Confidential Information, and any information contained therein, shall only be disclosed to the following individuals, provided that such individuals are informed of the terms of this Order:

      a.     The Parties to this Action who are individuals, or for Parties who are entities, their officers, directors, and employees whose assistance is reasonably necessary to the litigation of this Action;

      b.     In-house counsel for the Parties who are involved in managing and overseeing this Action;

      c.     Outside counsel in this Action;

      d.     Direct supporting personnel of (b) and (c), such as the attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and litigation support personnel;

      e.     Third-party experts or consultants (and their respective direct support personnel) that are retained by a Party in this Action and who have signed a Declaration in the form provided as Exhibit A;

      f.     Any person who is the author, addressee, attendee or recipient of the Production Material;

      g.     Deposition and trial witnesses and their counsel during the course of depositions or testimony in this Action where a Party's counsel in good faith determines that (i) the Confidential Information is necessary to the anticipated subject matter of testimony; (ii) disclosing the Confidential Information to that witness would not cause

competitive harm; and (iii) the witness shall be required to sign a Declaration in the form provided as Exhibit A;

h.    Deposition and trial witnesses and their counsel in preparation for depositions or testimony in this litigation where a Party's counsel in good faith determines that (i) the Confidential Information is necessary to the anticipated subject matter of testimony and (ii) disclosing the Confidential Information to that witness would not cause competitive harm; provided, however, that such Confidential Material can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign a Declaration in the form provided as Exhibit A;

i.    Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed a Declaration in the form provided as Exhibit A hereto;

j.    Mediators, arbitrators, or special masters retained by the Parties or assigned by this Court, and their direct support personnel;

k.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

l.    The Court, its officers, and its clerical staff in any judicial proceeding that may result from this Action; and

m.    Insurers of any Party to this Action and insurers' counsel; and

n.      Any other person or entity that the Producing Person or Designating Party agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

7.      Persons Who May Have Access to Highly Confidential Information: Highly Confidential Information, and any information contained therein, shall only be disclosed to the following individuals, provided that such individuals are informed of the terms of this Order:

a.      Outside counsel for the Receiving Party;

b.      Direct supporting personnel of (a), such as the attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and litigation support personnel employed by such counsel to whom it is reasonably necessary to disclose the Production Material for purposes of the Action;

c.      Third-party experts or consultants (and their respective direct support personnel) to whom it is reasonably necessary to disclose Highly Confidential Information, that are retained by a signatory to this Order, and who have signed a Declaration in the form provided as Exhibit A, provided that the Party's counsel, prior to retaining the expert or consultant, has determined after using diligent efforts that the expert or consultant is not currently employed by, consults with nor has a present intention to be employed by or consult with another educational institution, and provided further that if, during the course of this litigation, the expert or consultant is going to work for, consult with, or otherwise communicate with another educational institution after receipt of Highly Confidential Information, counsel for the Party consulting with that individual must immediately notify the Producing Person of the expert or consultant's intention before engaging in such work and provide the Producing Party a reasonable amount of time to object; and counsel for the

8

Party consulting with that individual shall impose a duty on that individual through its retention agreements to disclose and obtain permission from the Party's counsel any intention to work for, consult with, or otherwise communicate with another educational institution while acting as an expert or consultant in this litigation;

      d.    Deposition and trial witnesses and their counsel during the course of depositions or testimony in this litigation, other than a witness who works for, consults with, or otherwise communicates with another educational institution, provided, however, that Highly Confidential Information shall not lose its confidential status through such use and provided further that (i) the Highly Confidential Information is necessary to the anticipated subject matter of testimony (ii) disclosing the Highly Confidential Information to that witness would not cause competitive harm and (iii) the witness shall be required to sign a Declaration in the form provided as Exhibit A;

      e.    Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed a Declaration in the form provided as Exhibit A hereto;

      f.    Mediators, arbitrators, or special masters retained by the Parties or assigned by this Court, and their direct support personnel;

      g.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

      h.    The Court, its officers, and its clerical staff in any judicial proceeding that may result from this Action; and

i.     Any other person or entity that the Producing Person or Designating Party agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

8.     Prerequisite to Disclosure of Designated Material: Designated Material shall not be disclosed to any person required hereunder to execute a Declaration in order to receive Designated Material under paragraphs 6-7 until such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as Exhibit A hereto. Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Designated Material. Such executed Declaration shall not be subject to disclosure under the Federal Rules unless a showing of good cause is made and the Court so orders.

9.     Use by Additional Parties: Except as otherwise provided in this Order, in the event that additional persons or entities become Parties to the Action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Designated Material produced by or obtained from any other Producing Person until said party has executed and filed with the Court a copy of this Stipulation.

10.     Non-Waiver of Rights: Nothing contained herein shall be deemed a waiver or relinquishment by any Party or third-party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or third-party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

10

11.     Unauthorized Disclosure of Designated Material: In the event of a disclosure by a Receiving Person of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Producing Person or Designating Party of all pertinent facts, including, but not limited to the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. In the event of the above-described unauthorized disclosure by a Receiving Person who is not a Party to the Action, the Party Receiving Person who provided the non-party Receiving Person the Designated Material shall, upon learning of the disclosure, immediately notify the Producing Person of the unauthorized disclosure of Designated Material. The Party Receiving Person shall hold primary responsibility for unauthorized disclosures by Receiving Persons who are under their control, including but not limited to Receiving Persons who are employees, agents, and contractors of the Party Receiving Person.

12.     Manner of Objecting to Designated Material: If any Receiving Person (i) objects to the designation of any Designated Material or (ii) seeks to disclose Designated Material to a person not specified in Paragraphs 6 or 7 because outside counsel for the Receiving Person has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this Action, the Receiving Person shall first raise the objection (the "Objection") or request for

11

disclosure (the "Request for Disclosure") with the Producing Person or Designating Party in writing (the "Notice") and confer in a good faith to attempt to resolve any dispute respecting the terms or operation of this Order. In the case of a Request for Disclosure, the Receiving Person shall furnish to outside counsel for the Producing Person, in the Notice, the identity of the person to whom disclosure is to be made (the "Noticed Person") and the Designated Material proposed to be disclosed. No designation shall be changed, and no Designated Material shall be disclosed to the Noticed Person, until after the expiration of a five (5) business day period commencing upon the date of the Notice. If, within five (5) business days of the date of the Notice, the Producing Person or Designating Party objects in writing and with an explanation of the basis for such objection, the Producing Person or Designating Party and Requesting Party shall then have three (3) additional business days after an objection is raised to use good faith efforts to reach an agreement regarding the Objection or Request for Disclosure. If agreement cannot be reached, the Receiving Party may apply to the Court for relief within five (5) business days after the expiration of the above referenced three (3) business day period and the burden of proof shall rest with the Producing Person. Until the Court rules on such issue or the Producing Person agrees in writing to withdraw the challenged designation or allow disclosure to the Noticed Person, the Designated Material shall continue to be treated as so designated.

13.    Effect of Court Ruling on Objection: Upon motion, the Court may order the removal of a Confidential Information or Highly Confidential designation from any Production Material subject to the provisions of this Order. With respect to any material that ceases to be designated "Confidential" or "Highly Confidential," the Producing Person shall bear the expense of providing to each Party to whom the material has been provided substitute copies of such material with the appropriate corrected designation.

12

14. Timing of Objections to Designated Material: A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person or Designating Party of Production Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Person's right to object.

15. Inadvertent Production of Privileged Production Material: If Production Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege or protection ("Protected Materials") is inadvertently produced by a Producing Person, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Production Material is privileged or otherwise protected from disclosure, and the Receiving Person may not argue that the party producing the protected information failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived. If Protected Materials are produced inadvertently, the Producing Person shall notify the Receiving Person in writing of the claim and the basis for it. After being notified, in accordance with Fed. R. Civ. P. 26(b)(5)(B), the Receiving Person must promptly return, sequester, or destroy the specified Protected Materials and any copies it has; must not review, use or disclose the Production Material, or the information contained therein, until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim after meeting and conferring with the Producing Person. Pursuant to Federal Rule of

13

Evidence 502(d), the provisions of this paragraph shall apply in this Action, as well as in any other Federal or State proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16.      Use of Non-Confidential Material: To the extent that any Party has any document or information that: (i) either is or becomes generally or publicly available and that did not become generally or publicly available by being disclosed in breach of this Order; (ii) was available or became available to a Party on a non-confidential basis not in violation of its obligations hereunder or an obligation of confidentiality to any other person; (iii) was independently developed by such Party without violating its obligations hereunder; (iv) is published or became publicly available in a manner that is not in violation of this Order; (v) the Producing Person notifies the Receiving Person in writing such document or information is no longer Designated Material; (vi) the Receiving Person made an Objection, pursuant to Paragraph 13, and the Producing Person or Designating Party then failed to timely respond and object in writing with an explanation of the basis for such Objection as required by Paragraph 13; or (vii) is determined by a court of competent jurisdiction to not be entitled to the protections of Designated Material (collectively "Non-Confidential Material"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial, or otherwise in connection with this Action. Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to this Action.

17.      Designated Material Filed With the Court: If any document to be filed with this Court contains Designated Material, the Party seeking to file that document must request permission from the Court to redact that information or file that document under seal.

14

18.     Obligations Following Conclusion of Proceedings: The provisions of this Order shall continue with respect to any Designated Material until expressly released by the Producing Person or Designating Party and shall survive the conclusion of a final order or judgment in the Action. Within ninety (90) days of the later of (i) entry of a final order or judgment in this Action, or (ii) following any appeal of a final order and judgment, determination by the highest court to consider such appeal to affirm such final order and judgment, all Receiving Persons shall take all commercially reasonable steps to destroy all Designated Material and all copies or notes thereof, except that: (i) counsel may retain for its records their work product and a copy of court filings; and (ii) a Receiving Person may retain Designated Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided however, that such retained documents shall continue to be treated as provided in this Order. That Receiving Person shall, if requested, verify such destruction in writing to counsel for the Producing Person or Designating Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material continues to contain Confidential Information or Highly Confidential Information, the terms of this Order shall remain binding.

19.     Amendments: This Order may be altered or modified only by written agreement of all Parties to the Action or by order of the Court. Each of the Parties expressly reserves its right to seek further amendment to this Order to the extent that a Producing Person or Designating Party determines that information requires additional, different, or heightened protection.

20.     Request For Disclosure of Designated Material In Other Proceedings: Any Receiving Person may disclose Designated Material if such disclosure is pursuant to legal compulsion or required by a duly empowered governmental, regulatory, or supervisory agency or

15

authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order, and notice is given by the Receiving Person to the Producing Person or Designating Party of any such requirement (except in connection with any regulatory examination) prior to the production of such Designated Material and no later than within three (3) business days of any such requirement so that the Producing Person or Designating Party may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order. The Receiving Person must promptly notify in writing the entity that caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. If the Producing Person or Designating Party timely seeks a protective order, the Receiving Person served with the subpoena or court order shall not produce any Designated Material before a determination by the body from which the subpoena or order issued, unless the Party has obtained the permission of the Producing Person or Designating Party. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this Action to disobey a lawful directive from another duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction. In the event that such protective order or other remedy is not obtained, or the Producing Person or Designating Party waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Designated Material which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that appropriate confidential treatment will be accorded that Designated Material. Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person or Designating Party any notice of any anticipated disclosure if such notice is prohibited by law.

16

21.     Use of Designated Material By Producing Person: Nothing in this Order: (i) affects the right of any Producing Person to use or disclose its own Designated Material in any way; or (ii) prevents the disclosure of Designated Material by any Party with the express written consent of the Producing Person or Designating Party that made the designation.

22.     Objections to Discovery: Nothing in this Order shall be deemed to prevent a Party or non-party from objecting to discovery or seeking additional or further limitations on the use or disclosure of information in discovery.

23.     Obligations of Parties: Nothing in this Order shall relieve a Party of its obligations under the Federal Rules, the Local Rules, or any future stipulations and orders.

24.     Advice of Counsel: Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with the Action, and in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

25.     Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior confidentiality agreements with respect to Production Material.

26.     Severability: To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

27.     Enforcement: The provisions of this Order constitute an Order of this Court, and violation of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court. This Court will retain jurisdiction

over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard on this Order.

28.    Authority: By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

29.    The following addendum is deemed incorporated into the parties' stipulation and confidentiality order:

## ADDENDUM

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum.

18

If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: March 21, 2022

By: */s/ Blake G. Abbott*

Edward Toptani
**TOPTANI LAW PLLC**
375 Pearl Street, Suite 1410
New York, New York 10038
Phone: (212) 699-8930
edward@toptanilaw.com

Eric M. Poulin
Roy T. Willey, IV
Paul J. Doolittle
Blake G. Abbott
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street Charleston, SC 29403
Phone: (843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com
pauld@akimlawfirm.com
blake@akimlawfirm.com

*Counsel for Plaintiff Nelcy Mabel García
De León*

Respectfully submitted,

By: */s/ Keara M. Gordon*

Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Counsel for Defendant New York University*

**SO ORDERED:**

Dated: _Merl 22_, 2022
New York, New York

Hon. Colleen McMahon, U.S.D.J.

19

## Exhibit A

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____ declare under penalty

of perjury (this "Declaration") that:

1.  My address is _____

2.  My present employer is _____

3.  My present occupation or job description is _____

_____

4.      I hereby certify and agree that I have read and understand the terms of the

Confidentiality Agreement and Stipulated Protective Order for Discovery (the "Order") relating to

this Action, *García De León v. New York University.,* Case No. 1:21-cv-5005 (S.D.N.Y.) (the

"Action"). All capitalized terms not otherwise defined in this Declaration have the meanings

ascribed to such terms in the Order. I further certify that I will not use Designated Material for any

purpose other than this Action, and will not disclose or cause Designated Material to be disclosed

to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound

by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly

permitted to receive Designated Material, whether at home or at work, all copies of any Designated

Materials, and that I will carefully maintain such materials in a manner consistent with the Order.

I acknowledge that the return or destruction of Designated Material shall not relieve me from any

other continuing obligations imposed upon me by the Order.

2

6. I acknowledge and agree that I am aware that by receiving Designated Material (a) I may be receiving material non-public information about companies that issue securities. And (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____ 20 ____

_____
SIGNATURE

_____
PRINT NAME

_____
TITLE (if any)

3