**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NELCY MABEL GARCÍA DE LEÓN,
individually and on behalf of all others similarly
situated,

               Plaintiff,

   v.

NEW YORK UNIVERSITY,

               Defendant.

Case No. 1:21-cv-5005-CM

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK**
**UNIVERSITY'S MOTION FOR SANCTIONS**

**DLA PIPER LLP (US)**

Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York University*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND.................................................................................................3

        **A.**    Counsel's University Covid Refund Class Actions ....................................3

        **B.**    The Plaintiff's Decision to Sue NYU. .......................................................4

        **C.**    The Plaintiff's Complaint Omitted Key Facts. ..........................................6

        **D.**    The Plaintiff's Counsel Refused to Withdraw the Complaint. ...................8

        **E.**    This Court Found that the Plaintiff's Counsel Filed a "Bad Faith Pleading."......................................................................................................9

LEGAL STANDARD.............................................................................................................10

ARGUMENT ..........................................................................................................................11

    **I.**    THE COMPLAINT MISREPRESENTED AND OMITTED KEY FACTS. ...................................................................................................................11

    **II.**    CERTAIN OF THE PLAINTIFF'S CLAIMS WERE MERITLESS...................14

CONCLUSION.......................................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AJ Energy LLC v. Woori Bank*,
  829 F. App'x. 533 (2d Cir. 2020) ...........................................................................................12

*Amorosa v. Ernst & Young LLP*,
  2010 WL 245553 (S.D.N.Y. Jan. 20, 2010) ......................................................................10, 14

*Beck v. Manhattan College*,
  537 F. Supp. 3d 584 (S.D.N.Y. 2021)....................................................................................3, 15

*Bergeron v. Rochester Inst. of Tech.*,
  2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020).........................................................................3

*Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*,
  423 F. Supp. 2d 119 (S.D.N.Y. 2006)...............................................................................11, 12

*Chatham Partners, Inc. v. Fidelity & Deposit Co. of Md.*,
  2001 WL 1262960 (S.D.N.Y. Oct. 1, 2001) ............................................................................11

*Chien v. Skystar Bio Pharm. Co.*,
  256 F.R.D. 67 (D. Conn. 2009)...............................................................................................12

*In Re Columbia Tuition Refund Action*,
  2021 WL 790638 (S.D.N.Y. Feb. 26, 2021).........................................................................3, 15

*Ferrand v. Mystique Brands LLC*,
  2012 WL 119572 (S.D.N.Y. Jan. 13, 2021) ............................................................................10

*Ford v. Rensselaer Polytechnic Institute*,
  2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020).....................................................................3, 15

*Huebner v. Midland Credit Mgmt., Inc.*,
  897 F.3d 42 (2d Cir. 2018)..................................................................................................10, 11

*LCS Grp., LLC v. Shire LLC*,
  2019 WL 1234848 (S.D.N.Y. Mar. 8, 2019) ........................................................................1, 12

*Libaire v. Kaplan*,
  395 F. App'x 732 (2d Cir. 2010) ............................................................................................12

*Macmillan, Inc. v. Am. Exp. Co.*,
  125 F.R.D. 71 (S.D.N.Y. 1989) ...............................................................................................1

*Morales v. New York Univ.*,
    20-cv-4418 (S.D.N.Y. Jun. 9, 2020) .......................................................................6

*Morales v. New York Univ.*,
    2021 WL 1026165 (S.D.N.Y. Mar. 17, 2021) ...........................................2, 6, 14, 15

*Offor v. Mercy Med. Ctr.*,
    2016 WL 3566217 (E.D.N.Y. June 25, 2016) ....................................................1, 11

*Perry St. Software, Inc. v. Jedi Techs., Inc.*,
    2020 WL 6064158 (S.D.N.Y. Oct. 14, 2020) .........................................................10

*Romankow v. New York Univ.*,
    2021 WL 1565616 (S.D.N.Y. Apr. 21, 2021) .....................................................2, 14

*Rynasko v. New York Univ.*,
    2021 WL 1565614 (S.D.N.Y. Apr. 21, 2021) .................................................2, 4, 14

*Sapia v. Home Box Off.*,
    2022 WL 769798 (S.D.N.Y. Mar. 14, 2022) ......................................................1, 10

*Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*,
    2012 WL 1223928 (S.D.N.Y. Apr. 11, 2012) ...............................................1, 10, 12

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
    682 F.3d 170 (2d Cir. 2012) .............................................................................8, 11

*Steeger v. JMS Cleaning Servs. LLC*,
    2018 WL 1136113 (S.D.N.Y. Mar. 15, 2018) .......................................................12

*Zagoria v. New York Univ.*,
    2021 WL 1026511 (S.D.N.Y. Mar. 17, 2021) ...........................................2, 14, 15

**Statutes**

28 U.S.C. Section 1927 ...........................................................................1, 10, 11

**Other Authorities**

Fed. R. Civ. P. 11 ....................................................................................... *passim*

## PRELIMINARY STATEMENT

It is axiomatic that court filings must be "warranted under existing law and have evidentiary support" and not be presented "for any improper purpose." *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 2012 WL 1223928, at \*7 (S.D.N.Y. Apr. 11, 2012) (McMahon, J.), *aff'd*, 488 F. App'x 471 (Fed. Cir. 2013) (granting motion for sanctions). Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), "a court may infer improper purpose where multiplicative filings are coupled with 'objectively unreasonable statements.'" *LCS Grp., LLC v. Shire LLC*, 2019 WL 1234848, at \*14 (S.D.N.Y. Mar. 8, 2019) (quoting *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 393 (2d Cir. 2003)). Bad faith pleading is also sanctionable under 28 U.S.C. Section 1927 and this Court's inherent authority. *See Sapia v. Home Box Off.*, 2022 WL 769798, at \*11 (S.D.N.Y. Mar. 14, 2022); *Offor v. Mercy Med. Ctr.*, 2016 WL 3566217, at \*2 (E.D.N.Y. June 25, 2016), *aff'd* 698 F. App'x 11 (2d Cir. 2017). While "Rule 11 sanctions are very serious, and courts should not impose them lightly," *Macmillan, Inc. v. Am. Exp. Co.*, 125 F.R.D. 71, 80 (S.D.N.Y. 1989), this Court has already found that the Complaint was pled in "bad faith." (Dkt. 28 at 18.)

The Complaint here violates these well-established principles for two reasons. First, the plaintiff's counsel materially misrepresented key facts in the Complaint that discovery now demonstrates they not only knew, and in fact, apparently used as the basis to delay bringing suit. The Complaint focuses exclusively on the benefits of New York University's ("NYU") New York City ("NYC") campus, but the plaintiff ***never*** enrolled in or took classes in NYC. (García, 20:15-21:4, 50:4, 54:7-10, 230:7-13.)   Instead, the plaintiff chose to apply to and take classes at the Rockland County campus ("Rockland") upstate in Sparkill, New York of the NYU Silver School of Social Work ("NYU Silver"). (*Id.* 20:15-25; *see also* Ex. 1.) The plaintiff's counsel knew this fact from the first day of their engagement.

The timeline suggests that counsel realized that the plaintiff's enrollment at Rockland was a problem. The plaintiff retained counsel by April 25, 2020. That counsel had already filed seven other Covid tuition refund cases by that date.[1] Yet, the week after their client forwarded e-mails addressed to the "Rockland Community," the plaintiff's counsel stopped e-mailing with the plaintiff and did not file suit on her behalf at that time. Ten months passed. It was not until shortly after the first two cases against NYU were dismissed that the plaintiff's counsel proactively re-engaged with the plaintiff and filed suit against NYU – without reference to her enrollment at Rockland. The Complaint also omitted the fact that she had already graduated more than a year earlier but alleges that "at all relevant times" the plaintiff was enrolled at NYU. (Dkt. 1 ¶ 14.)

Second, the plaintiff's tuition-based claims and claims under New York's General Business Law ("GBL") were demonstrably meritless. By the time the plaintiff's counsel filed the Complaint, they knew that courts had dismissed *four* earlier-filed cases in the Southern District of New York asserting analogous claims against NYU,[2] and that *three* New York district courts had

---

[1] *See Rickenbaker et al. v. Drexel Univ.,* No. 20-cv-03353 (E.D. Pa.) (filed on April 8, 2020); *In re: Univ. of Miami Covid-19 Tuition and Fee Litig.,* No. 20-cv-60851 (S.D. Fl.) (filed on April 8, 2020); *Levin v. The Bd. of Regents of the Univ. of Colorado,* No. 2020-cv31409 (D. Colo.) (filed on April 15, 2020); *Marbury v. Pace Univ.,* No. 20-cv-03210 (S.D.N.Y.) (filed on April 23, 2020); *Beck v. Manhattan Coll.*, No. 20-cv-03229 (S.D.N.Y) (filed on April 23, 2020*); Faber v. Cornell Univ.*, No. 20-cv-00467 (N.D.N.Y.) (filed on April 25, 2020); *Ford v. Rensselaer Polytechnic Inst.*, No. 20-cv-00470 (N.D.N.Y.) (filed on April 25, 2020).

[2] *See Zagoria v. New York Univ.*, 2021 WL 1026511, at *6 (S.D.N.Y. Mar. 17, 2021) (dismissing breach of contract, unjust enrichment, and money had and received claims against NYU due to transition to remote learning in response to Covid-19 pandemic in Spring 2020); *Rynasko v. New York Univ.*, 2021 WL 1565614, at *4 (S.D.N.Y. Apr. 21, 2021) (same, dismissing breach of contract, unjust enrichment, conversion claims, and money had and received claims); *Morales v. New York Univ.*, 2021 WL 1026165, at *2 (S.D.N.Y. Mar. 17, 2021) (same); *Romankow v. New York Univ.*, 2021 WL 1565616, at *4 (S.D.N.Y. Apr. 21, 2021) (same). At the time the Complaint was filed, *Freeman v. New York Univ.*, No. 1:21-cv-1029 (S.D.N.Y., removed to federal court on Feb. 4, 2021), was pending, but subsequently dismissed.

dismissed analogous GBL claims asserted by *these same counsel* against universities in similar cases.[3]

NYU informed the plaintiff's counsel that the Complaint's allegations "lack[ed] a supportable basis in law or fact and [we]re entirely frivolous." (Ex. 2.)[4]  In response, the plaintiff's counsel refused to withdraw any aspect of the Complaint or even amend it to at least include accurate allegations about which campus the plaintiff attended.  In ruling on NYU's motion to dismiss ("MTD Decision"), this Court stated, "Plaintiff's failure to allege in her Complaint that she did not attend classes in New York City (I learned of that from Defendant's motion papers) qualifies as bad faith pleading."  (Dkt. 28 at 18.)

NYU respectfully requests that the Court award sanctions, as this Court deems warranted and appropriate, against the plaintiff's counsel.

## FACTUAL BACKGROUND

### A.    Counsel's University Covid Refund Class Actions

The plaintiff's counsel has brought *almost forty* class actions against universities nationwide after they transitioned to remote learning due to the Covid pandemic, including what they tout as the second such case filed by any counsel on April 8, 2020.  (*See* Dkt. No. 37-2 at ¶ 6, 14 (listing 39 tuition refund cases, with NYU being the last).)  On April 14, 2020, one of the plaintiff's firms, the Anastopoulou Law Firm ("Anastopoulou Firm"), posted a solicitation on their

---

[3] *See In Re Columbia Tuition Refund Action*, 2021 WL 790638, at *10 (S.D.N.Y. Feb. 26, 2021) (lawsuit brought by same plaintiff's counsel, Toptani Law and Anastopoulo Law Firm LLC, in which court dismissed, *inter alia*, claims brought pursuant to GBL §§ 349 and 350); *Beck v. Manhattan College*, 537 F. Supp. 3d 584, 591 (S.D.N.Y. 2021) (same); *Ford v. Rensselaer Polytechnic Institute*, 2020 WL 7389155, at *10 (N.D.N.Y. Dec. 16, 2020) (same); *Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *11 (W.D.N.Y. Dec. 18, 2020) (same).

[4] Exhibits ("Ex.") are attached to the Declaration of Colleen M. Gulliver, dated May 6, 2022 (hereinafter "Gulliver Decl.").

blog that they "[we]re actively seeking additional cases … not only in South Carolina but in regard to all colleges and universities throughout the United States." (Ex. 3.) The plaintiff's engagement letter reveals that the Anastopoulo Firm has teamed up with two other law firms, Toptani Law PLLC ("Toptani") and the firm of Morea Schwartz Bradham Friedman & Brown LLP to "associate[] with each other to prosecute similar tuition and fee refund claims on behalf of other plaintiffs against other academic institutions."[5] (Ex. 4.) By April 20, 2020, the Anastopoulo firm had created the website www.collegerefund2020.com, which outlined the firm's pursuit of these cases and created an online form where students could submit their interest. (Ex. 5.)

### B.    The Plaintiff's Decision to Sue NYU.

The plaintiff testified that she decided to sue NYU in the spring or summer of 2020. (García, 66:7-23 (around the time of an April petition); 283:13-18 (June or July)). Discovery showed that, on April 25, 2020, the plaintiff signed an engagement letter with Mr. Edward Toptani "to represent [her]." (Ex. 4.) One day prior, another plaintiff's counsel filed the first Covid refund lawsuit against NYU, *Rynasko*. (S.D.N.Y. Case No. 1:20-cv-3250 at Dkt. No. 1.)

On April 25, 2020, the plaintiff forwarded to Mr. Toptani a collection of e-mails, many of which *expressly indicated* that she and a fellow student (who also communicated with counsel) were NYU Silver graduate students at the Rockland, not NYC, campus. (*See, e.g.*, Exs. 6-11.) In fact, a couple of the e-mails were expressly sent from her "Rockland County Campus" Coordinator

---

[5] Contrary to her engagement letter, which is with Toptani, who can then associate with two other firms, the plaintiff's declaration in support of her motion for class certification states only that she is represented by the Anastopoulo Firm. (Dkt. 40-1 at ¶¶ 8, 9, 19.) When asked at her deposition whether that statement was "complete," she responded, "I'm not sure." (Garcia 355:16-357:16.) And, although all of the written communications on the plaintiff's privilege log are with Mr. Toptani, the only lawyer the plaintiff remembered reaching out to and communicating with was a lawyer at the Anastopoulo Firm, Blake Abbott. (*Id.* 293:3-25; 294:1-25; 295:1-19.)

and addressed to the "Rockland Community." (Exs. 7,9.)  Thus, Mr. Toptani was put on notice

from the first day of his representation that the plaintiff was enrolled at NYU's Rockland campus.

Yet, when NYU asked the plaintiff whether she informed her counsel that she "w[as]

enrolled in the Rockland County campus at NYU Silver," her counsel instructed her not to answer

and asserted the answer was "protected by attorney-client privilege." (García, 291:19-292:10.)

After being shown one of the e-mails that she sent to counsel, which demonstrated that she had, in

fact, informed her counsel that she was enrolled at Rockland, Ms. García De León initially agreed,

then disagreed, then was again instructed not to answer the question:

> Q:  So by April 25, 2020, you had told edward@toptanilaw.com that you
> were a Rockland County campus student; correct?
>
> A.  Correct.  I mean I didn't say specifically that I'm a student here, but I
> sent – I did send that email and that email states that, but I didn't say
> specifically this is what I'm doing.  When I tell people what school I
> went to I say NYU.  I don't say NYU in Rockland County.
>
> Q.  I'm sorry, was  your  last  testimony  that  you  never  told
> edward@toptanilaw.com that you were a Rockland County campus
> student?
>
> Mr. Abbott:  I'm going to object on the grounds of attorney-client privilege.

(*Id.*, 294:24-295:16.)

While Mr. Toptani and the plaintiff continued to correspond a few times over the following

week after she provided him with the factual background – including that she was enrolled at

Rockland – according to the privilege log, Mr. Toptani wrote the plaintiff on May 1, 2020 and then

***ten months passed*** during which there was no communication between them. (Ex. 12.) Then, on

March 24, 2021 – the week ***after*** Judge Daniels dismissed the first two analogous suits against

NYU (one of which also involved an NYU Silver graduate student),[6] Mr. Toptani himself initiated contact with the plaintiff. (Ex. 12.) Then, approximately two months later, on June 7, 2021 (and after two additional suits against NYU had been dismissed), Mr. Toptani filed the Complaint against NYU on behalf of the plaintiff. (Dkt. 1.) At her deposition, the plaintiff was instructed not to answer on the grounds of attorney-client privilege to the question, "why did you wait over a year to sue NYU?" (García, 304:18-305:1.) Then:

Q. Ms. Garcia, did you yourself personally make a decision to wait a year to sue NYU?

A. I honestly don't remember.

(*Id.*, 305:2-5.)

### C.    The Plaintiff's Complaint Omitted Key Facts.

As this Court aptly put it: "What the Complaint does not plead is potentially as significant as what it does." (Dkt. 28 at 7.) Mr. Toptani signed the Complaint, and the plaintiff admits she reviewed it. (Dkt. 1. ¶ 33; García, 290:20-25; 291:1.) Yet, the Complaint does not disclose at which campus the plaintiff was enrolled.[7] But, the Complaint is predicated largely on statements made about NYU's NYC campus, which falsely implies that the plaintiff was enrolled there. The Complaint is replete with allegations touting the benefits of NYU's NYC campus that the plaintiff purportedly lost out on due to NYU's transition to remote instruction. (*See*, *e.g.*, Dkt. 1 ¶ 32

---

[6] On June 9, 2020, a complaint was filed on behalf of Erika Chambers, a graduate student in the Silver Program of Social Work enrolled at the NYC campus seeking a tuition and fee reimbursement. *See* Complaint ¶ 39, *Morales v. New York Univ.*, 20-cv-4418 (S.D.N.Y. Jun. 9, 2020). On March 17, 2021, Judge Daniels dismissed the complaint in its entirety for failure to state a claim. 2021 WL 1026165, at *1 (S.D.N.Y. Mar. 17, 2021).

[7] The Complaint provides so little specific information about the plaintiff that this Court was left to "presume[]" that the plaintiff "was a social work graduate student" from a footnote regarding a "Social Work Graduate Regulation & Services Fee" she paid. (Dkt. 28 at 2 n.2.)

("Consider, for example, the abundance of viewpoints you'll learn from at NYU's campus in New York"); *id.* ¶ 31 ("Are you kidding — it's New York City! Students here are having snowball fights in Washington Square… Students are also experiencing one of the world's great metropolises: New York City."); *id.* ¶ 22 (NYU is "'in and of the city.'")).

    What is not said is that the plaintiff expressly applied to, and was enrolled full-time at, NYU Silver's Rockland campus nearly thirty miles away upstate. (Ex. 7.)  The plaintiff has lived, attended school, and worked in Rockland County for the past 17-18 years. (García, 10:1-4; 11:6-11; 12:16-13:4; 17:25-21:4.)  She "chose to go to Rockland," in part because "it had a lot of parking" and she "wouldn't have to drive . . . an hour, and find parking" in New York City.  (*Id.,* 20:25; 54:7-10; 50:4 ("The parking was horrible."))  To get to the NYC Campus, the plaintiff would have to cross either the George Washington Bridge or the Governor Mario Cuomo Bridge, pay the toll, find parking, and spend approximately $20 in gas.[8] (*Id.*, 85:5-17; 107:11-13.)

    The Complaint also does not disclose that, when she filed it, the plaintiff had been graduated from NYU Silver for a year.  Instead, it suggests that, at the time the plaintiff filed suit, she was still enrolled; it asserts that "*[a]t all relevant times*, she was a full-time student at Defendant's University."  (Dkt. 1 ¶ 14 (emphasis added); *see also id.* ¶ 10.)  The plaintiff makes this allegation to support her claim for injunctive relief: "enjoining [NYU] from inaccurately describing, labeling, marketing and promoting … its on-campus product."  *Id.* ¶ 138.  In reality,

---

[8] The Complaint similarly relies on a number of website statements directed expressly at visiting students, which are wholly inapplicable to the plaintiff, who was not a visiting student from another university.  (Dkt. 1 ¶ 21 (website for visiting students, stating, "New York City is your classroom . . . The countless opportunities at NYU are inextricably linked to the infinite possibilities of New York City."); *id.* ¶ 24 (same, stating, "New York City Is Your Campus Outside of class, you'll have the whole city to discover[]…."); *id.* ¶ 27 (same, stating, "[e]xperience college life in New York City!"); *see also id.* ¶¶ 25, 28–30.)  Moreover, no evidence exists that the plaintiff even reviewed these materials.  (*See* García, 38:19-39:3.)

however, the plaintiff graduated from NYU in Spring 2020.  (Dkt. 28 at 7 ("We also learn that Plaintiff, having completed her coursework during the pandemic spring of 2020, graduated . . . following the spring 2020 semester.").)

### D.    The Plaintiff's Counsel Refused to Withdraw the Complaint.

NYU served a Rule 11 letter and the required Notice of Motion on the plaintiff's counsel on July 20, 2021.  (Ex. 2.)  NYU explained that the plaintiff's claims "lack[ed] a supportable basis in law or fact" and requested that the plaintiff's counsel withdraw them.  (*Id.* at 1.)  NYU specifically informed the plaintiff's counsel that "[t]he plaintiff … was never enrolled at NYU's New York City Campus … a fact that the Complaint omits," and that "given the abject lack of legal or factual basis" for the claim, NYU would seek sanctions if the allegation was not withdrawn.  (*Id.* at 6, 7.)  NYU also advised the plaintiff that four earlier analogous cases seeking a tuition refund had already been dismissed and that the plaintiff's asserted GBL claim was meritless because "[m]ultiple New York federal courts ha[d] dismissed GBL … claims in other Covid-19 tuition refund cases, including cases where your firms acted as counsel."  (*Id.* at 5.)

On the eve of the expiration of the 21-day "safe harbor," the plaintiff's counsel refused to withdraw or otherwise amend the Complaint ("Response").[9]  (Ex. 13.)  Tellingly, the Response did not address the portion of the Rule 11 letter that identified the plaintiff's lack of factual basis for asserting her allegations, including her failure to disclose that she attended Rockland.  (*See id.*)  The plaintiff also did not address NYU's argument that the GBL claim was meritless.  (*See id.*)

---

[9] NYU has satisfied all procedural requirements under Rule 11.  It served its notice of motion for Rule 11 sanctions with its July 20, 2021 Rule 11 letter (*see* Ex. 2), provided a notice of the motion that described the specific conduct that Plaintiff violated under Rule 11, served its notice of motion more than 21 days before filing the instant motion with the Court, and made the instant motion for sanctions separately from any other motion.  Fed. R. Civ. P. 11(c)(2); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012).

The plaintiff acknowledged that she was informed of the Rule 11 letter from her counsel. The plaintiff does not remember seeing the letter; but did remember speaking about it with her counsel.  (García, 306:2-10.)  NYU asked her if she was aware that NYU informed her counsel that the Complaint had no basis in law or fact.  (*Id.*, 306:11-17.)  She replied, "I'm not answering that question."  (*Id.*, 306:19-20.)  She also testified:

> Q.    Were you aware that NYU told your counsel that it would move for sanctions if you didn't withdraw your complaint?
>
> [Objection]
>
> A.    I don't even know what that means.

(*Id.* 307:14-20.)

### E.    This Court Found that the Plaintiff's Counsel Filed a "Bad Faith Pleading."

On January 20, 2022, this Court granted in part and denied in part NYU's motion to dismiss.  (*See generally* Dkt. 28.)  This Court stated that:

> [w]hat the Complaint does not plead is potentially as significant as what it does. From NYU's motion, we learn that Plaintiff did not attend NYU's NYC campus but was a graduate student in social work at its Rockland County campus, some 35 miles North of Washington Square and on the other side of the Hudson River.  We also learn that Plaintiff, having completed her coursework during the pandemic spring of 2020, graduated with her master's in social work following the spring 2020 semester.

(Dkt. 28 at 7; *see id.* at 11 ("Plaintiff failed to reveal this salient fact in her Complaint.").)  The Court determined that "Plaintiff's failure to allege in her Complaint that she did not attend classes in New York City … qualifies as a bad faith pleading."  (*Id.* at 18.)  When the plaintiff was asked at her deposition whether she saw this Court's MTD Decision, she responded "I don't have an answer."  (Garcia, 308:11-25.)  Similarly, when asked whether she "underst[ood] what the judge meant … by 'bad faith pleading,'" the plaintiff responded, "no."  (*Id.* 310:3-17.)

This Court dismissed the tuition and GBL claims.  (Dkt. 28 at 18, 23.)  The Court also dismissed the plaintiff's request for injunctive relief for lack of standing since she pled "no facts tending to show that she continues to suffer as a result of NYU's conduct in the spring of 2020, or that she is likely to suffer in the future if that conduct were to be repeated."  (Dkt. 28 at 12.)

## <u>LEGAL STANDARD</u>

Courts have the power to award sanctions against a party under Rule 11, 28 U.S.C. Section 1927, and the Court's inherent authority.  "The test under Rule 11 is … whether the claims, defenses, and other legal contentions and the allegations and other factual contentions in any pleadings are warranted under existing law and have evidentiary support."  *Source Vagabond Sys. Ltd.*, 2012 WL 1223928, at *7.  "[T]he Court may impose sanctions if the offending attorney … is found to have acted with 'objective unreasonableness.'"  *Ferrand v. Mystique Brands LLC*, 2012 WL 119572, at *13 (S.D.N.Y. Jan. 13, 2021) (quoting *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003)).  Attorneys have an "*affirmative duty* to conduct a reasonable inquiry into the facts and the law before filing[.]'"  *Perry St. Software, Inc. v. Jedi Techs., Inc*., 2020 WL 6064158, at *6 (S.D.N.Y. Oct. 14, 2020) (McMahon, J.) (internal ellipsis omitted) (emphasis added) (quoting *Bus. Guides, Inc. v. Chromatic Comm'ns Enters., Inc.,* 498 U.S. 533, 551 (1991)).  Pleadings may not be submitted "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1); *see also Amorosa v. Ernst & Young LLP*, 2010 WL 245553, at *4 (S.D.N.Y. Jan. 20, 2010) (McMahon, J.).

 "Section 1927 of the Judiciary Code permits a court to impose liability on a party's counsel … for 'multiply[ing] the proceedings in any case unreasonably and vexatiously.'"  *Sapia*, 2022 WL 769798, at *11 (quoting 28 U.S.C. § 1927); *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 n.8 (2d Cir. 2018) (court may impose Section 1927 sanctions on law firms in addition to individual attorneys); *Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119,

124 (S.D.N.Y. 2006) (McMahon, J.). "In the Second Circuit, '[b]ad faith is the touchstone of an award under this statute.'" *Chatham Partners, Inc. v. Fidelity & Deposit Co. of Md.*, 2001 WL 1262960, at *1 (S.D.N.Y. Oct. 1, 2001) (quoting *United States v. Int'l Bhd. Of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991)) (imposing sanctions).

Finally, a district court has a "broader" power under its "inherent authority" to issue sanctions. *Carousel Foods*, 423 F. Supp. 2d at 124. Sanctions "are proper where a party uses the judicial forum for improper purposes or abuses the judicial process." *Id.* The Court may also invoke its inherent powers to impose sanctions upon a finding that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Offor*, 2016 WL 3566217, at *2 (quoting *Enmon v. Prospect Capital Corp*, 675 F.3d 138, 143 (2d Cir. 2012)). Claims are "entirely without color" if they "lack[] any legal or factual basis." *Huebner*, 897 F.3d 42 at 56 (internal brackets & quotation marks omitted).

## ARGUMENT

### I.   THE COMPLAINT MISREPRESENTED AND OMITTED KEY FACTS.

The plaintiff's counsel here should be sanctioned because they filed a Complaint with allegations that lacked a factual basis regarding key factual issues – the campus the plaintiff attended and her enrollment status.[10] When a plaintiff's counsel fails to determine whether the factual contents in the Complaint "have evidentiary support," sanctions are appropriate. *Source Vagabond Sys. Ltd.*, 2012 WL 1223928, at *7; *see also AJ Energy LLC v. Woori Bank*, 829 F.

---

[10] While NYU's Rule 11 letter does not expressly raise the plaintiff's graduation status as a separate sanctionable factual omission, the Court itself pointed to her failure to be forthright in this regard. (*See* Dkt. 28 at 7.) In any event, NYU is not moving for Rule 11 sanctions on this specific issue. NYU, however, is moving for sanctions under Section 1927 and the Court's inherent authority on this basis. *See Star Mark Mgmt., Inc.*, 682 F.3d at 176 (permitting consideration of sanctions under Section 1927 for additional ground not listed in earlier notice of motion).

App'x. 533, 534 (2d Cir. 2020) (affirming sanctions where complaint contained "implausible allegations" and "attached exhibits . . . that were rife with internal inconsistencies and other indicia of fraud"); *LCS Grp., LLC*, 2019 WL 1234848, at *16 n.14 (awarding sanctions for, among other things, "failing to perform pre-litigation research"); *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67 (D. Conn. 2009) (sanctions warranted when allegations were contradicted by the plaintiff's own internet posts); *Steeger v. JMS Cleaning Servs. LLC*, 2018 WL 1136113, at *3 (S.D.N.Y. Mar. 15, 2018) (imposing sanctions where submission "omitted key details of the parties' communications," was "misleading," and gave an improper "impression").

For example, in *Carousel Foods*, this Court awarded sanctions against a plaintiff's counsel who "performed inadequate research into the facts before" filing an amended complaint. 423 F. Supp. 2d at 123. There, the attorney alleged that a defendant was "sharing in the profits" of checks cashed as part of a purported RICO conspiracy, but "[a] simple inquiry to the maker of the checks would have revealed that the checks referenced in the amended complaint were not negotiated." *Id.* Likewise, in *In re Australia and New Zealand Banking Group Limited Securities Litigation*, the Court sanctioned the plaintiff's counsel where "a material allegation central to the viability of the entire pleading" was "utterly lacking in support." 712 F. Supp. 2d 255, 264 (S.D.N.Y. 2010). The Court rejected the plaintiff's counsel's argument that the inclusion of the allegation was "the result of an honest mistake," finding that "[g]iven the centrality of [the allegation] to the … entire theory of fraud, any reasonable inquiry into the factual basis of the pleading would have prevented this mistake" and "[s]uch indifference . . . is the sort of conduct that Rule 11 . . . seek[s] to deter." *Id.* at 262, 264; *see also Libaire v. Kaplan*, 395 F. App'x 732, 736 (2d Cir. 2010) (affirming award of sanctions for "knowingly" commencing an improper action and "fail[ing] to disclose" a key fact in the complaint).

Here, too, the Complaint misrepresents **two central** facts regarding the plaintiff, both of which were readily ascertainable with even the most minimal effort to communicate with their client, to review her publicly available social media, and to account for the plaintiff's repeated disclosures to her attorneys from the first day of their representation: (1) she was not enrolled at NYU's NYC campus, but instead a student at Rockland; and (2) she graduated in Spring 2020.

First, as this Court acknowledged, "Plaintiff's failure to allege in her Complaint that she did not attend classes in New York City" *in and of itself* "qualifies as bad faith pleading that may well have implications at some later point in this lawsuit . . .." (Dkt. 28 at 17-18.)  As of April 25, 2020 – more than a year before the filing of the Complaint - the plaintiff's counsel were aware that the plaintiff did not attend classes in NYC.  Indeed, she sent numerous e-mails to her counsel back in April 2020 that made clear she was a part of the "Rockland Community." (Ex. 7 ("Dear Rockland Community," signed by "Coordinator, Rockland County Campus"); Ex. 6 ("As a student at NYU Rockland…"); Ex. 8 (e-mail forwarded by fellow student indicating she was a student at the "Rockland Campus, 2nd year"); *see also* Exs. 9-11.)  Yet, when the Complaint was actually filed more than a year later, it made no mention of which campus she attended, and predicated its allegations almost entirely on statements made about the NYC campus.  (*See, e.g.*, Dkt. 1 ¶¶ 22, 32, 31.)

The plaintiff similarly failed to disclose to the Court that she graduated in Spring 2020 and instead alleged that "*[a]t all relevant times*, she was a full-time student at Defendant's University." (Dkt. 1 ¶ 14 (emphasis added).)  This is especially sloppy (or further indicative of bad faith) given that the plaintiff's counsel readily could have ascertained this fact from their client or a quick internet search, which brings up her LinkedIn profile that she had graduated. (Ex. 14 ("New York University, Master of Social Work, 2019-***2020***") (emphasis added).)  As this Court is aware, the

plaintiff's enrollment status is a key allegation and determinative of whether she has standing to seek injunctive relief – a reality that her counsel should also have been aware of because, by the time they filed suit, NYU had made this argument as a defense to injunctive relief sought in three of the cases.  Gulliver Decl. ¶ 3.

## II.   CERTAIN OF THE PLAINTIFF'S CLAIMS WERE MERITLESS.

Sanctions are warranted here because the plaintiff's tuition and GBL claims had no colorable merit and were "not warranted under existing law" at the time the Complaint was filed.

Courts in the Second Circuit have found sanctions appropriate in cases where the plaintiff's "'counsel has engaged in a pattern of litigation designed to evade previous rulings' as evidenced by his filing of repetitive claims that had already been dismissed."  *Amorosa*, 2010 WL 245553, at *4.  In *Pentagen Technologies International Limited v. United States*, for example, the Court imposed sanctions where the plaintiff filed a complaint that "s[ought] to contravene the explicit findings of prior litigation without any meritorious arguments to extend the law" and thereby "forced [the defendant] to defend yet another long series of complaints that, beyond simply being unsuccessful, have had 'absolutely no chance of success under existing precedents.'"  172 F. Supp. 2d 464, 473 (S.D.N.Y. 2001) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (1996)).

So too here.  The plaintiff's counsel chose to file and assert claims seeking a refund of tuition despite the fact that four analogous tuition refund cases had already been dismissed against NYU (and actually, apparently because of certain of those dismissals), including one asserted by a NYU Silver graduate student who was enrolled at the NYC campus.  *See Morales*, 2021 WL 1026165, at *2; *Zagoria*, 2021 WL 1026511, at *6; *Rynasko*, 2021 WL 1565614, at *4; *Romankow*, 2021 WL 1565616, at *4.  The plaintiff made no attempt to argue why her claim was any different. Quite the contrary, the plaintiff's counsel admitted in its civil cover sheet that her case was "essentially the same" as the previously-filed *Zagoria* action and further acknowledged that it was

aware the prior case had been dismissed.  (*See* Dkt. 2.)  Moreover, it appears that the *Zagoria* and *Morales* dismissals are what spurred the plaintiff's counsel to reach out after deciding previously not to bring suit (despite filing dozens of cases against other universities) and having no e-mail communications with plaintiff for over ten months.  (Facts Section A.) The timing here makes clear that the plaintiff's counsel were biding their time until they could try their hand at asserting the same unfounded claims against NYU.

Further, while the previous claims against NYU did not include GBL claims, the plaintiffs' firms involved here attempted to assert GBL claims against several other universities ***three of which had already been rejected*** by the time they filed suit against NYU.  *See In re Columbia*, 2021 WL 790638, at *10 (dismissing claim where court "found[] no case holding that a plaintiff can state a claim . . . where the defendant neither knew nor could have known" that its practices were false); *Beck*, 537 F. Supp. 3d at 591 (dismissing claim); *Ford*, 2020 WL 7389155, at *10 (same); *see also Rensselear*, 2020 WL 7389155, at *10 ("No reasonable consumer would expect a university to remain open for in-class instruction in the face of a pandemic and a state-mandated shutdown, regardless of whether the school advertised on-campus learning as a strength."). Indeed, this Court found that the plaintiff's "NYGBL claims plainly fail."  (Dkt. 28 at 28.)  The plaintiff asserted these New York law claims without citing "to a single case holding that a claim lies under Section 349 or 350."  (*Id.*).

## CONCLUSION

For the foregoing reasons, NYU respectfully requests that this Court impose sanctions against the plaintiff's counsel and award NYU costs and attorneys' fees incurred in connection with these proceedings and for such other relief as the Court deems reasonable and appropriate. Upon notice that this Court has imposed sanctions, NYU respectfully reserves the right to provide this Court with a detailed accounting of costs and attorneys' fees.

Dated: May 6, 2022                            Respectfully submitted,

                                             **DLA PIPER LLP (US)**


                                             __/s/Keara M. Gordon_____
                                             Brian S. Kaplan
                                             Keara M. Gordon
                                             Colleen Carey Gulliver
                                             Rachael C. Kessler
                                             1251 Avenue of the Americas
                                             New York, New York 10020-1104
                                             Phone: (212) 335-4500
                                             Facsimile: (212) 335-4501
                                             brian.kaplan@us.dlapiper.com
                                             keara.gordon@us.dlapiper.com
                                             colleen.gulliver@us.dlapiper.com
                                             rachael.kessler@us.dlapiper.com

                                             *Attorneys for Defendant New York University*

## CERTIFICATE OF SERVICE

I hereby certify that I am one of the attorneys for the defendant in this action and that on May 6, 2022, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

/s/ *Keara M. Gordon*
Keara M. Gordon