

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELCY MABEL GARCIA DE LEÓN,
individually and on behalf of all others
similarly situated,
                        Plaintiff,

  -against-

NEW YORK UNIVERSITY,
                        Defendant.

No. 21 Civ 05005 (CM)

**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**

McMahon, J.:

    Defendant moves for the imposition of sanctions against Plaintiff's counsel, the Anastopoulo Law Firm and Toptani Law PLLC, on the grounds that Plaintiff Nelcy Mabel Garcia De Leon's Complaint was filed in bad faith, lacked evidentiary support, and was not warranted under existing law. *See* Defendant New York University's Motion for Sanctions, filed May 6, 2022 (Docket No. 59) (the "Motion for Sanctions").

    For the reasons set forth below, Defendant's Motion for Sanctions is DENIED.

    For a full recitation of the underlying facts alleged in this action, please refer to (1) the court's January 20, 2022, Decision and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order on the Motion to Dismiss") (Docket No. 28); and (2) the court's June 22, 2022, Decision and Order Denying Plaintiff's Motion to Certify the Proposed Putative Class and to Appoint Class Plaintiff and Class Counsel ("Order on the Motion for Class Certification") (Docket No. 105).

    **I.    DEFENDANT'S MOTION FOR SANCTIONS IS DENIED.**

        A.  *Legal Standards*

1

Defendant NYU moves for the imposition of sanctions against Plaintiff's counsel pursuant to (i) Rule 11; (ii) 28 U.S.C. § 1927; and (iii) the inherent equitable power of the court.

### i. **Rule 11**

Rule 11(b) of the Federal Rules of Civil Procedure sets forth the mechanism for imposing sanctions, providing in relevant part that:

> By presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversing of existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information or belief.

Fed. R. Civ. P. 11(b).

Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy. *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005). And while the imposition of sanctions is within the province of the district court, "any such decision [should be] made with restraint and discretion." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir.1999).

The decision of whether to award sanctions under Rule 11 rests firmly within the discretion of the trial court.  *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir.2004); *Amorosa v. Ernst & Young LLP*, 2010 WL 245553, at *3 (S.D.N.Y. Jan. 20, 2010).

### ii.     Section 1927 of the Judicial Code

Even when sanctions are improper under Rule 11, the court is authorized under Section 1927 of the Judicial Code to sanction any attorney "... who so multiplies the proceedings in any case unreasonably and vexatiously ..." 28 U.S.C. § 1927.

Bad faith is the key element in the imposition of § 1927 sanctions.  *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 48 (S.D.N.Y.1993); *First Interregional Equity Corp. v. Haughton*, 1994 WL 364038, at *4 (S.D.N.Y. July 13, 1994) (the "imposition of sanctions under Section 1927 'is highly unusual and requires a clear showing of bad faith'") (quoting *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir.1971)). Moreover, "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir.1999) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996)).

### iii.     The court's inherent equitable power

Finally, the federal district courts are vested with an inherent power to impose sanctions. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  Sanctions imposed pursuant to the court's inherent authority are proper when a party uses the judicial forum for improper purposes or abuses the judicial process.  *Id*.  The court's inherent sanction power is broader than its power to impose sanctions under either Rule 11 or 28 U.S.C. § 1927. Whereas courts are statutorily authorized to sanction attorneys, courts may sanction an attorney, a party, or both pursuant to its inherent power. P*ac. Elec. Wire & Cable Co., Ltd. v. Set Top Int'l, Inc*., 2005

WL 2036033, *4 (S.D.N.Y. Aug. 23, 2005) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986)).

B. *Application*

In support of its Motion for Sanctions, Defendant NYU argues that Plaintiff's Complaint is sanctionable for two reasons:

*First*, because Plaintiff's counsel materially misrepresented key facts in the Complaint and that discovery now demonstrates that Plaintiff's counsel were aware of the misrepresentations and in fact used them as a basis to delay the lawsuit; *Second*, because Plaintiff's tuition-based claims and those claims brought pursuant to the New York General Business Law (the "NYGBL") – all claims that this court dismissed at the pleadings stage (*see* Order of the Motion to Dismiss) – lacked any merit because analogous claims had already been dismissed by other federal district courts (in this district and in others) in cases brought against NYU and against other universities making essentially the same allegations.

Neither is an appropriate basis to impose sanctions.

i. **The omissions from the Complaint do not warrant sanctions.**

Defendant first argues that Plaintiff's counsel should be sanctioned because they filed a complaint which included certain "allegations that lacked a factual basis regarding key factual issues – the campus that the plaintiff attended and her enrollment status." (Docket No. 60 at 11). Defendant emphasizes that the Complaint misrepresents central facts regarding Plaintiff. Most importantly, the Complaint did not make clear that Plaintiff was not enrolled at NYU's NYC campus, but was instead enrolled at the Rockland County campus. Defendant also takes issue with the fact that it was not clear from the face of the Complaint that Plaintiff had graduated from the University at the conclusion of the spring 2020 semester. (*Id*. at 13). The latter is not as much of

an issue; except for Plaintiff's prayer for injunctive relief (which the court dismissed for lack of standing), the fact that Plaintiff graduated after the semester in question is of no moment.

In support of its Motion for Sanctions, Defendant first points to this court's ruling in the Order on the Motion to Dismiss, in which I held that "Plaintiff's failure to allege in her Complaint that she did not attend classes in New York City qualifies as a bad faith pleading that may well have implications at some later point in this lawsuit." (Order on the Motion to Dismiss at 17-18). While I certainly do not appreciate that Plaintiff's counsel conveniently left that distinction out of the Complaint, the aforementioned implications had principally to do with her effort to bring this case as a class representative; as her motion for class certification has been denied, in part (though not entirely) because of her unpleaded status as a student at the Rockland County campus, the implications to which the court alluded have been fully realized.

Of course, Defendant is correct that Rule 11 requires that officers of the court verify that allegations made in pleadings are, to the best of their ability, factually correct.  And the imposition of Rule 11 sanctions may indeed be appropriate where counsel fails to determine whether the factual assertions made in a filing have evidentiary support.  *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 2012 WL 1223928, at *7 (S.D.N.Y. Apr. 11, 2012), *aff'd*, 488 F. App'x 471 (Fed. Cir. 2013).  But Counsel's failure to clearly allege in the Complaint that Plaintiff attended classes in Rockland County and not in New York City was not so much a matter of making a factually incorrect assertion as it was a case of artful pleading.  This court frowns upon artful pleading. However, there is a difference between artful pleading and failing to ascertain whether factual assertions made in the Complaint have evidentiary support. The allegations set forth in Plaintiff's Complaint do not include an affirmative representation that Plaintiff classes at the University's New York City campus.

5

In the alternative to Rule 11 sanctions, Defendant NYU moves the court to award sanctions against Plaintiff's counsel pursuant to Section 1927 or the court's inherent authority. Unsurprisingly, Defendant cites to this court's ruling in *Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 124 (S.D.N.Y. 2006), in which I noted that even when sanctions are not appropriate under Rule 11, courts may nonetheless impose sanctions pursuant to the authority granted by Section 1927 of the Judiciary Code to sanction any attorney who multiplies the proceedings in any case unreasonably and vexatiously.

But the omissions from the Complaint at issue did not multiply the proceedings unreasonably and vexatiously, which is what is required to impose sanctions pursuant to Section 1927. *Huebner v. Midland Credit Mgmt., Inc.*, 897 F. 3d 42, 55 n. 8 (2d Cir. 2018). And courts should not invoke their inherent authority to impose sanctions unless it is clear from the record that the party being sanctioned acted in bad faith.

Here, that is simply not the case.

ii. **Plaintiff's assertion of tuition-based claims and claims pursuant to the NYGBL (dismissed by the court for failure to state a claim) do not warrant sanctions.**

Next, Defendant argues that sanctions are warranted in this case because Plaintiff's request for tuition refund and her claims under the NYGBL – both of which were dismissed at the pleadings stage for failure to state a claim, *see* Docket No. 28) – had no colorable merit and were not warranted under existing law at the time the Complaint was filed.

Defendant takes particular issue with Plaintiff's counsel's decision to bring tuition and NYGBL claims, despite the fact Judge Daniels had already dismissed analogous cases brought against the University.[1]

But with all respect to my colleague (with whose ruling I obviously agree), Judge Daniels' decisions are not binding on other judges of coordinate jurisdiction, so the fact that he dismissed identical claims brought by different plaintiffs does not automatically render Plaintiff's Complaint in this case frivolous. Moreover, other colleagues of mine had dismissed fees-based claims that were asserted against NYU in the cases on which Defendant relies, yet Defendant does not argue in its Motions for Sanctions that Plaintiff's counsel should be sanctioned for bringing the fees-based claims – undoubtedly because this court denied the motion to dismiss the fees claims.

It would be a very different story had the Second Circuit affirmed the dismissal of the tuition claims in any of the analogous cases. But that has not happened, and it certainly had not happened back in June of 2021 when Plaintiff filed her Complaint.

As my esteemed colleague Judge Stanton explained in *Binn v. Bernstein,* No. 17 Civ. 08594 (LLS), 2021 WL 663980, at *2 (S.D.N.Y. Feb. 19, 2021), "that a legal theory is a long-shot does not necessarily mean it is sanctionable. The operative question is whether the argument is frivolous, *i.e.*, the legal position has no chance of success, and there is no reasonable argument to

---

[1] *See Zagoria v. New York Univ.*, 2021 WL 1026511, at *6 (S.D.N.Y. Mar. 17, 2021) (dismissing breach of contract, unjust enrichment, and money had and received claims against NYU due to transition to remote learning in response to Covid-19 pandemic in Spring 2020); *Rynasko v. New York Univ.*, 2021 WL 1565614, at *4 (S.D.N.Y. Apr. 21, 2021) (same, dismissing breach of contract, unjust enrichment, conversion claims, and money had and received claims); *Morales v. New York Univ.*, 2021 WL 1026165, at *2 (S.D.N.Y. Mar. 17, 2021) (same); *Romankow v. New York Univ.*, 2021 WL 1565616, at *4 (S.D.N.Y. Apr. 21, 2021) (same). At the time the Complaint was filed, *Freeman v. New York Univ.*, No. 1:21-cv-1029 (S.D.N.Y., removed to federal court on Feb. 4, 2021), was pending, but subsequently dismissed.

extend, modify or reverse the law as it stands." *Binn v. Bernstein*, supra, citing *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)).

For the same reasons, the court also declines to impose sanctions based on Plaintiff's counsels' decision to bring NYGBL claims, notwithstanding the fact that similar claims had already been dismissed in other cases, and properly so.[2]

Sanctions are warranted in particular situations where it is clear from the record that counsel has engaged in a pattern of litigation designed to evade previous rulings in the same action. *Pentagen Techs. Int'l Ltd. v. United States*, 172 F.Supp.2d 464, 473 (S.D.N.Y. 2001). Sanctions are not warranted, however, simply because counsel filed a complaint and brought claims that were ultimately dismissed.

Defendant relies on *Pentagen Techs. Int'l Ltd. v. United States*, 172 F.Supp.2d 464 (S.D.N.Y.2001) in support of its motion. But *Pentagen* is inapposite.

The *Pentagen* defendants – the government and certain individual defendants – brought a motion for sanctions after the same plaintiff filed his *ninth* action against the same defendants related to alleged violations of copyright and trademark laws. The plaintiff proceeded with his ninth action despite adverse rulings in his first eight suits, and in the face of warnings from two separate district courts that his claim was "frivolous on its face." *Id.* at 459. Moreover, the plaintiff was barred by statute from even maintaining an action against the government, yet he persisted in

---

[2] Those other cases include *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 2021 WL 790638, *10 (S.D.N.Y. 2021) (dismissing claim where court "found[] no case holding that a plaintiff can state a claim . . . where the defendant neither knew nor could have known" that its practices were false); *Beck*, 537 F. Supp. 3d at 591 (dismissing claim); *Ford v. Rensselaer Polytechnic Inst.*, 507 F. Supp. 3d 406, 2020 WL 7389155, at *10 (N.D.N.Y. 2020) (same); *Rensselear*, 2020 WL 7389155, at *10 ("No reasonable consumer would expect a university to remain open for in-class instruction in the face of a pandemic and a state-mandated shutdown, regardless of whether the school advertised on-campus learning as a strength").

actions against the individual defendants under statutes that contained no private right of action. *Id*.

In the instant action, at least some of Plaintiff's claims were properly pled and therefore survived NYU's motion to dismiss.  Furthermore, as far as this court is aware, this was the first action brought by this plaintiff and these lawyers  on *this* set of specific facts.  Unlike the complaint at issue in *Pentagen,* Plaintiff's Complaint in this case did not seek "to contravene the explicitly finds of prior litigation without any meritorious arguments to extend the law;" nor is it the case that Plaintiff's Complaint had "absolutely no chance of success under existing precedents." *Id*. (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir. 1996).

In *Pentagen*, the court awarded sanctions because plaintiffs' counsel "failed to demonstrate that he made any reasonable inquiry before deciding to sue." *Id*. at 471. The court based its finding in part on the fact that the filing attorney should have known that at least one of his claims lacked merit because his two previous identical actions brought by his client had been dismissed, and his new action was "based on the same facts and circumstances previously addressed" by the courts that had adjudicated his earlier claims.  *Id*.  Indeed, the court observed that "except for the addition of [one individual] as a plaintiff, the claims were factually identical."  *Id*. at 473–74.  Thus, the court explained, "the similarity between plaintiffs' claims here and those presented in [another of plaintiffs' actions] reflects a continuing intent to evade the rulings of courts in this district. Not only was this litigation frivolous and repetitive, therefore, but it was intentionally so." *Id*. at 474.

No *identical* actions were dismissed prior to Plaintiff's filing the Complaint.  Plaintiff was not barred by the statute of limitations to applicable to her claim, nor did she improperly bring claims against a private party pursuant to a statute which provides no private right of action.

In sum, the fact that Plaintiff brought a weak and for the most part non-meritorious lawsuit does not support the imposition of sanctions. While Plaintiff's proposed class claims (and arguments in favor of class certification) were weak at best, they were not entirely frivolous, or clearly made in bad faith. "A pleading or motion or other paper" is sanctionable "either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Manchester Mgmt. Co., LLC v. Echo Therapeutics, Inc.*, 297 F. Supp. 3d 451, 462 (S.D.N.Y. 2018).

Finally, while I have made it clear in my previous decisions that this court is not impressed by the manner in which Plaintiff's counsel has pursued this case, counsel's conduct in this case is not so egregious that it warrants the imposition of sanctions.

For all of the above reasons, the Motion for Sanctions is denied.

## CONCLUSION

This constitutes the decision and order of the court. It is a written opinion.

The Clerk of Court is respectfully directed to terminate the motion at Docket No. 59 and to close the case.

Dated: July 28, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL